IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DARYL PIERCE,**

        Petitioner,

v.                                                         **CIVIL ACTION NO. 2:15-CV-66**
                                                              **(BAILEY)**

**J. SAAD, Warden,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on May 5, 2016, wherein he recommends this Court deny and dismiss this matter without prejudice to the petitioner's right to seek certification from the Third Circuit Court of Appeals to file a second or successive § 2255 motion.

## I.   BACKGROUND

In November 2006, petitioner was named in a three-count indictment in the District of New Jersey, charging: (1) distribution of cocaine in violation of 21 U.S.C. § 841; (2) knowing and willful possession and brandishing of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and, (3) violations of 18 U.S.C. §§ 922(g) and 924(e)(1), alleging that petitioner was an Armed Career Criminal. Pursuant to a plea agreement, petitioner pled guilty to count three of the indictment, in exchange for

1

the dismissal of counts one and two. In the written plea agreement, the parties jointly agreed that the district court should sentence petitioner to the mandatory 15-year sentence under 18 U.S.C. § 924(e)(1). The district court sentenced the petitioner to a 16-year sentence. Petitioner did not file an appeal.

On October 19, 2010, the petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. *Pierce v. United States*, Civil Action No. 10-5387, 2012 WL 2574800 (D. N.J. July 2, 2012). The Government filed a motion to dismiss the petition as untimely, which the district court granted on July 2, 2012. The petitioner filed a motion for reconsideration, which the court denied on June 24, 2014.

The petitioner filed a second § 2255 motion in February 2014, in which he challenged his conviction on the basis of ineffective assistance of counsel. *Pierce v. United States*, Civil Action No. 14-0758, 2015 WL 917297 (D. N.J. March 3, 2015). Petitioner asserted that his counsel was ineffective for failing to object to and advising him to plead guilty to an Armed Career Criminal designation. This petition was dismissed as second or successive. Petitioner filed a motion for reconsideration, which the court denied on August 6, 2015.

On August 31, 2015, petitioner filed the instant 28 U.S.C. § 2241 petition, challenging his sentence in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) [Doc. 1-1, p. 6]. On May 5, 2016, Magistrate Judge Trumble filed his R&R [Doc. 15], recommending that this Court deny and dismiss the petition without prejudice as to the petitioner's right to seek certification from the Third Circuit Court of Appeals to file a second or successive § 2255 motion. In so recommending, the magistrate judge first notes that

the petitioner's challenge is to the validity of his conviction and sentence, not as to the execution of his sentence or another proper ground for a § 2241 petition. The magistrate judge then explains that in order for this petition to be properly brought under § 2241, the petitioner must establish that § 2255 is inadequate or ineffective to test the legality of his detention. The magistrate judge concluded that petitioner is unable to make this showing because *Johnson* is a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, and thus the petitioner meets the gatekeeping clause of § 2255. Therefore, § 2255 is not "inadequate or ineffective to test the legality of his detention," and the proper route for the petitioner is to seek authorization to file a second or successive § 2255 petition with the sentencing court. For this reason, the magistrate judge recommends that the petitioner's requested relief be denied.

On May 16, 2016, the petitioner filed his Objections [Doc. 17]. The petitioner objects to the R&R on the grounds that the magistrate judge erroneously relied upon the wrong *Johnson* case.

## II. APPLICABLE LAW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on May 9, 2016 [Doc. 16]. Petitioner timely filed his Objections on May 16, 2016 [Doc. 17]. Accordingly, this Court will review the portions of the R&R to which petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the *new rule is not one of constitutional law*.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. The petitioner bears the

4

burden of establishing that a § 2255 motion is inadequate or ineffective to test the legality of his detention by satisfying the *Jones* test. *Hood v. United States*, 13 F. App'x 72 (4th Cir. 2001).

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime. The remedy afforded by § 2255 is not inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. *In re Vial*, 115 at 1194 n.5 (citing *Tripati v. Henman*, 843 F.3d 1160, 1162 (9th Cir. 1988)). In his petition, petitioner challenges his sentence through a § 2241 petition, arguing that he is entitled to relief under this section because his petition meets the savings clause of 28 U.S.C. § 2255(e). As the magistrate judge correctly noted in his R&R, the petitioner cannot meet the savings clause because § 2255 is not inadequate or ineffective to test the legality of his detention. As the magistrate judge recommended, the proper course of action for this petitioner is to seek authorization from the appropriate court of appeals in order to file a second or successive § 2255 motion in the sentencing court.

Petitioner asserts one specific objection to the R&R–that it erroneously relied upon the wrong *Johnson* case in assessing his claim. This objection is ill-founded as the petitioner clearly relied upon and cited to *Johnson v. United States*, 135 S.Ct. 2551

(2015). In his Memorandum of Law in Support of Relief Under Section 2241, [Doc. 1-1, p. 6], petitioner provides a citation to *Johnson v. United States*, 135 S.Ct. 2551 (2015), states the holding of *Johnson*, and argues that this holding "that the residual clause is vague equally calls into question the 'serious drug Offense [sic]' provision of § 924(e)." [Doc. 1-1, pp. 6, 7].

Despite his description of the relevant holding and law of *Johnson v. United States*, petitioner changed course in his Objections to the Magistrate's Report & Recommendation, [Doc. 17], and stated that "Pierce filed under Section 2241 in light of *Minikan Johnson v. Attorney General of the United States*, 605 Fed. App'x 138 (3rd Cir. 2015), not the *Johnson* concerning violent felonies." [Doc. 17, p. 1]. While petitioner may now wish to rely on a different *Johnson* because of the findings in the R&R, *Minikan Johnson* was never raised until the petitioner filed his objections and appears to offer the petitioner no relief, particularly in light of the petitioner's failure to satisfy his burden to establish that § 2255 is inadequate or ineffective to test the legality of his detention under the *Jones* test. *Hood*, 13 F. App'x at 72.

Therefore, this objection is **OVERRULED.**

## IV. CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objections **[Doc. 17]** are **OVERRULED**. Accordingly, the petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE** to the petitioner's

right to seek certification from the Third Circuit Court of Appeals to file a second or successive § 2255 motion. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: September 19, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE